IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR OKALOOSA COUNTY, FLORIDA

THOMAS P. BARTLESON III

Plaintiff,

v.                                                      CASE NO.:

WALMART INC. and
ALTON INDUSTRY LTD. GROUP,

Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, THOMAS P. BARTLESON III, by and through undersigned counsel, sues Defendants, WALMART INC. and ALTON INDUSTRY LTD. GROUP, and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), not inclusive of attorney's fees and costs and thus within the jurisdictional limits of this Court.

2. All of the acts and/or omissions complained of herein occurred in this County, thus venue is proper.

3. At all times materials and relevant hereto, Plaintiff was a resident of Okaloosa County, Florida.

4. Plaintiff brings this product liability and personal injury claim against Defendants, WALMART INC. and ALTON INDUSTRY LTD. GROUP, for his damages sustained, including but not limited to pain, suffering, and loss of enjoyment of life.

5. The claims asserted herein arise out of the design, selection, inspection, testing, manufacturing, assembly, equipping, marketing, distribution, and sale of a defective and unreasonably dangerous Hyper Tough 5-Gallon Wet/Dry Vacuum ("Vacuum") purchased and used by Plaintiff on or about April 29, 2024. A copy of the sales receipt is attached as Exhibit A to this complaint. Upon information and belief, the Vacuum was designed, developed, imported, manufactured, assembled, distributed,

EXHIBIT
1

sold, and placed into the stream of commerce in whole or in part by Defendants, WALMART INC. and ALTON INDUSTRY LTD. GROUP. The Vacuum was intended to assist users in cleaning both dry and wet surfaces of dust, small debris, water, and similar substances. Plaintiff, as well as other reasonable consumers, reasonably expected that the Vacuum would not explode when used in a manner consistent with its design and intended purpose.

6. Defendants, WALMART INC. and ALTON INDUSTRY LTD. GROUP, are directly liable for injuries to Plaintiff that were caused by his normal and anticipated use of the Vacuum on April 29, 2024 (the "Subject Incident").

## THE SUBJECT INCIDENT

7. On April 29, 2024, Plaintiff purchased the Vacuum from Defendant's Walmart Retail Store located at 748 Beal Pkwy, Fort Walton Beach, Florida, 32547.

8. On April 29, 2024, Plaintiff, acting as a reasonable and prudent person, used the Vacuum to assist in cleaning the deck of a boat. During such use, the Vacuum suddenly and unexpectedly exploded. As a direct and proximate result, Plaintiff sustained serious and permanent injuries.

## RE-ALLEGATION AND REINCORPORATION BY REFERENCE

Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs and allegations of this Complaint as though fully set forth in each of the following Claims for Relief.

## COUNT I – STRICT LIABILITY OF WALMART INC.

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the above, as if fully set forth herein and further alleges:

9. Defendant, WALMART INC., holds itself out to the public as being in the business of designing, developing, importing, manufacturing, marketing, distributing, assembling, selling, and/or placing into the stream of commerce consumer products, including the Vacuum.

Page **2** of **15**

10. Upon information and belief, Defendant, WALMART INC., manufactured, imported, and introduced the Vacuum into the stream of commerce within the United States. As such, they assumed the legal duty as the manufacturer and designer.

11. Defendant, WALMART INC., knew or should have known that ultimate users, operators or consumers, including but not limited to Plaintiff, would not and/or could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons. Any and all defects were unknown to Plaintiff at the time of purchase and operation.

12. The Vacuum remained unchanged from the time it was originally designed, developed, imported, manufactured, marketed, distributed, assembled and/or placed into the stream of commerce by Defendant, WALMART INC., until it reached Plaintiff and ultimately led to his damages. Or in the alternative, if a change was present from the intended design, Defendant, WALMART INC., knew or should have known of the change, and either caused the change or did not inspect the product to discover the change.

13. The Vacuum was defective and unreasonably dangerous to ultimate users or consumers, including but not limited to Plaintiff, when designed, developed, imported, manufactured, distributed, assembled, sold, and/or placed into the stream of commerce by Defendant, WALMART INC., as follows:

    a. The Vacuum was defective as a result of a manufacturing defect in that the condition of the Vacuum was unreasonably dangerous to consumers including Plaintiff when it was expected to and ultimately did reach Plaintiff without substantial change to its condition. The Vacuum was unreasonably dangerous as a result of a manufacturing defect as the intended design was not meant to explode when used as intended;

    b. The Vacuum design was defective in its condition was unreasonably dangerous to consumers including Plaintiff. The design was unreasonably dangerous because the

Page **3** of **15**

Vacuum failed to perform in safely when used in its intended manner of cleaning a surface. Specifically, a component of the Vacuum exploded, ultimately sending pieces of the vacuum into Plaintiff's left upper extremity;

c.  The Vacuum was generally defective in that it did not perform as safely as ordinary consumer would expect when used in the intended or reasonably foreseeable manner;

d.  The Vacuum was defectively designed, assembled, and or inspected so that it contained defects that caused motor to explode under normal and foreseeable conditions;

e.  As a consumer, Plaintiff did not expect the Vacuum to explode while using it in a normal and foreseeable manner.

14. For reasons set forth above, the Vacuum was defective and unreasonably dangerous to foreseeable users, including Plaintiff, who used the Vacuum in an ordinary and foreseeable manner.

15. The defects described above directly and proximately caused the Subject Incident and injuries to Plaintiff in that they directly and in natural continuous sequence, produced or contributed substantially to his injuries.

16. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgement against Defendant, WALMART INC., for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demand a trial by jury on all issues so triable as a matter of right.

## COUNT II - STRICT LIABILITY OF ALTON INDUSTRY LTD. GROUP

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the above, as if fully set forth herein and further alleges:

17. Defendant, ALTON INDUSTRY LTD. GROUP, holds itself out to the public as being in the business of designing, developing, importing, manufacturing, marketing, distributing, assembling, selling, and/or placing into the stream of commerce consumer products, including the Vacuum.

18. Upon information and belief, Defendant, ALTON INDUSTRY LTD. GROUP, manufactured, imported, and introduced the Vacuum into the stream of commerce within the United States. As such, they assumed the legal duty as the manufacturer and designer.

19. Defendant, ALTON INDUSTRY LTD. GROUP, knew or should have known that ultimate users, operators or consumers, including but not limited to Plaintiff, would not and/or could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons. Any and all defects were unknown to Plaintiff at the time of purchase and operation.

20. The Vacuum remained unchanged from the time it was originally designed, developed, imported, manufactured, marketed, distributed, assembled and/or placed into the stream of commerce by Defendant, ALTON INDUSTRY LTD. GROUP, until it reached Plaintiff and ultimately led to his damages. Or in the alternative, if a change was present from the intended design, Defendant, ALTON INDUSTRY LTD. GROUP, knew or should have known of the change, and either caused the change or did not inspect the product to discover the change.

21. The Vacuum was defective and unreasonably dangerous to ultimate users or consumers, including but not limited to Plaintiff, when designed, developed, imported, manufactured, distributed, assembled, sold, and/or placed into the stream of commerce by Defendant, ALTON INDUSTRY LTD. GROUP, as follows:

a. The Vacuum was defective as a result of a manufacturing defect in that the condition of the Vacuum was unreasonably dangerous to consumers including Plaintiff when it was expected to and ultimately did reach Plaintiff without substantial change to its condition. The Vacuum was unreasonably dangerous as a result of a manufacturing defect as the intended design was not meant to explode when used as intended;

b. The Vacuum design was defective in its condition was unreasonably dangerous to consumers including Plaintiff. The design was unreasonably dangerous because the Vacuum failed to perform in safely when used in its intended manner of cleaning a surface. Specifically, a component of the Vacuum exploded, ultimately sending pieces of the vacuum into Plaintiff's left upper extremity;

c. The Vacuum was generally defective in that it did not perform as safely as ordinary consumer would expect when used in the intended or reasonably foreseeable manner;

d. The Vacuum was defectively designed, assembled, and or inspected so that it contained defects that caused motor to explode under normal and foreseeable conditions;

e. As a consumer, Plaintiff did not expect the Vacuum to explode while using it in a normal and foreseeable manner.

22. For reasons set forth above, the Vacuum was defective and unreasonably dangerous to foreseeable users, including Plaintiff, who used the Vacuum in an ordinary and foreseeable manner.

23. The defects described above directly and proximately caused the Subject Incident and injuries to Plaintiff in that they directly and in natural continuous sequence, produced or contributed substantially to his injuries.

24. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical

Page **6** of **15**

treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgement against Defendant, ALTON INDUSTRY LTD. GROUP, for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demand a trial by jury on all issues so triable as a matter of right.

## COUNT III – WALMART'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the aforementioned paragraphs, as if fully set forth herein and further alleges:

25. The Vacuum was not reasonably fit for its intended use of cleaning dry or wet surface, as it exploded.

26. Plaintiff is in privity with Defendant, WALMART INC., as Plaintiff purchased the vacuum from Defendant, WALMART INC., who also manufactured the vacuum. At the time the vacuum left Defendant's possession, due to Plaintiff's purchasing of said vacuum, the vacuum was not fit for sale or use as it was defective and unreasonably dangerous.

27. The breaches described above directly and proximately caused the Subject Incident in that they directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

28. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgement against Defendant, WALMART INC., for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT IV - ALTON INDUSTRY LTD. GROUP'S BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the aforementioned paragraphs, as if fully set forth herein and further alleges:

29. The Vacuum was not reasonably fit for its intended use of cleaning dry or wet surface, as it exploded.

30. Plaintiff is in privity with Defendant, ALTON INDUSTRY LTD. GROUP, as Plaintiff purchased the vacuum from Defendant, ALTON INDUSTRY LTD. GROUP, who also manufactured the vacuum. At the time the vacuum left Defendant's possession, due to Plaintiff's purchasing of said vacuum, the vacuum was not fit for sale or use as it was defective and unreasonably dangerous.

31. The breaches described above directly and proximately caused the Subject Incident in that they directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

32. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgement against Defendant, ALTON INDUSTRY LTD. GROUP, for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT V – WALMART'S BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PRACTICAL PURPOSE

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the aforementioned paragraphs, as if fully set forth herein and further alleges:

33. The Vacuum was bought for the particular purpose of being used to clean and vacuum.

34. The Vacuum was not reasonably fit for this purpose, because when using the Vacuum for the very first time the Vacuum exploded, causing serious injuries to the Plaintiff.

35. For the reasons set forth above, Defendant, WALMART INC., breached the implied warranty of fitness for particular purpose to consumers including Plaintiff, who used the Vacuum in the specific purpose for which Defendant, WALMART INC., knowingly sold the product and for which, in reliance on the judgement of the Defendant, WALMART INC., the Plaintiff purchased the product.

36. The breach described above directly and proximately caused the incident and injuries to Plaintiff in that they directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

37. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant, WALMART INC., for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

## COUNT VI – ALTON INDUSTRY LTD. GROUP'S BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PRACTICAL PURPOSE

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the aforementioned paragraphs, as if fully set forth herein and further alleges:

38. The Vacuum was bought for the particular purpose of being used to clean and vacuum.

39. The Vacuum was not reasonably fit for this purpose, because when using the Vacuum for the very first time the Vacuum exploded, causing serious injuries to the Plaintiff.

40. For the reasons set forth above, Defendant, ALTON INDUSTRY LTD. GROUP, breached the implied warranty of fitness for particular purpose to consumers including Plaintiff, who used the Vacuum in the specific purpose for which Defendant, ALTON INDUSTRY LTD. GROUP, knowingly sold the product and for which, in reliance on the judgement of the Defendant, ALTON INDUSTRY LTD. GROUP, the Plaintiff purchased the product.

41. The breach described above directly and proximately caused the incident and injuries to Plaintiff in that they directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

42. As a direct result of one or more of the above-mentioned acts or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE,** Plaintiff demands judgment against Defendant, ALTON INDUSTRY LTD. GROUP, for compensatory damages, costs, and interest as allowed by law and for such other relief as the Court deems just, and demands a trial by jury on all issues so triable as a matter of right.

Page **10** of 15

## COUNT VII –NEGLIGENCE OF WALMART

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the above, as if fully set forth herein and further alleges:

43. Defendant, WALMART INC., knew or in the exercise of due care should have known that the Vacuum would be used without inspection and was in an unreasonably dangerous condition when it left Defendant's possession, and would create a foreseeable and unreasonable zone of risk or harm to its users.

44. Defendant, WALMART INC., was under a duty to properly and adequately design, develop, test, manufacture, import, inspect, label, provide adequate warning for, package, distribute, sell, and/or place into stream of commerce the Vacuum in a reasonably safe condition so as to not present a danger to members of the general public who reasonably, foreseeably, and under ordinary circumstances would come into contact with the product.

45. Defendant, WALMART INC., by designing, developing, importing, manufacturing, distributing, selling, and/or placing into the stream of commerce the Vacuum, incurred a duty to exercise ordinary care in the design, development, importation, manufacture, distribution, sale, and/or placement into the stream of commerce of its product used by the Plaintiff to reduce injuries from use of such product.

46. The Vacuum remained unchanged from the time it was originally manufactured, distributed, and sold by Defendant, WALMART INC., until it reached Plaintiff and ultimately led to his damages. Or in the alternative, if change was present from the intended design, Defendant, WALMART INC., knew or should have known of the change; and either caused the change or did not inspect to discover the change.

47. Defendant, WALMART INC., was negligent in one or more of the following:

      f.   Negligently designed the Vacuum;

      g.   Negligently testing or failing to test the Vacuum;

Page **11** of **15**

h.  Negligently manufacturing the Vacuum;

i.  Negligently inspecting or failing to inspect the Vacuum;

j.  Negligently placing the Vacuum into the stream of commerce;

k.  Negligently designing the Vacuum such that its motor exploded under normal and foreseeable conditions;

l.  Negligently manufacturing the Vacuum such that its motor exploded under normal and foreseeable conditions;

m.  Negligently designing, manufacturing, testing and providing appropriate quality control and quality assurance practices prior to placing the Vacuum on the market;

n.  From the time the Vacuum was introduced into the stream of commerce of the United States it was in the exclusive control of Defendant, WALMART INC., and any negligence resulting in the failure of the Vacuum occurred while in their possession.

48. The negligence described above directly and proximately caused the Subject Incident and injuries to Plaintiff in that it directly and in natural conditions sequence produced or contributed substantially to his injuries.

49. As a direct result of one or more of the above-mentioned acts of negligence or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff hereby demands judgement for damages, costs and interest against Defendant, WALMART INC., together with whatever other relief the Court deems just and appropriate.

Page **12** of **15**

## COUNT VIII –NEGLIGENCE OF ALTON INDUSTRY LTD. GROUP

Plaintiff hereinafter reaffirms and re-alleges each and every allegation contained in the above, as if fully set forth herein and further alleges:

50. Defendant, ALTON INDUSTRY LTD. GROUP, knew or in the exercise of due care should have known that the Vacuum would be used without inspection and was in an unreasonably dangerous condition when it left Defendant's possession, and would create a foreseeable and unreasonable zone of risk or harm to its users.

51. Defendant, ALTON INDUSTRY LTD. GROUP, was under a duty to properly and adequately design, develop, test, manufacture, import, inspect, label, provide adequate warning for, package, distribute, sell, and/or place into stream of commerce the Vacuum in a reasonably safe condition so as to not present a danger to members of the general public who reasonably, foreseeably, and under ordinary circumstances would come into contact with the product.

52. Defendant, ALTON INDUSTRY LTD. GROUP, by designing, developing, importing, manufacturing, distributing, selling, and/or placing into the stream of commerce the Vacuum, incurred a duty to exercise ordinary care in the design, development, importation, manufacture, distribution, sale, and/or placement into the stream of commerce of its product used by the Plaintiff to reduce injuries from use of such product.

53. The Vacuum remained unchanged from the time it was originally manufactured, distributed, and sold by Defendant, ALTON INDUSTRY LTD. GROUP, until it reached Plaintiff and ultimately led to his damages. Or in the alternative, if change was present from the intended design, Defendant, ALTON INDUSTRY LTD. GROUP, knew or should have known of the change; and either caused the change or did not inspect to discover the change.

54. Defendant, ALTON INDUSTRY LTD. GROUP, was negligent in one or more of the following:

o. Negligently designed the Vacuum;

Page **13** of **15**

p.  Negligently testing or failing to test the Vacuum;

q.  Negligently manufacturing the Vacuum;

r.  Negligently inspecting or failing to inspect the Vacuum;

s.  Negligently placing the Vacuum into the stream of commerce;

t.  Negligently designing the Vacuum such that its motor exploded under normal and foreseeable conditions;

u.  Negligently manufacturing the Vacuum such that its motor exploded under normal and foreseeable conditions;

v.  Negligently designing, manufacturing, testing and providing appropriate quality control and quality assurance practices prior to placing the Vacuum on the market;

w.  From the time the Vacuum was introduced into the stream of commerce of the United States it was in the exclusive control of Defendant, ALTON INDUSTRY LTD. GROUP, and any negligence resulting in the failure of the Vacuum occurred while in their possession.

55. The negligence described above directly and proximately caused the Subject Incident and injuries to Plaintiff in that it directly and in natural conditions sequence produced or contributed substantially to his injuries.

56. As a direct result of one or more of the above-mentioned acts of negligence or omissions, Plaintiff suffered serious personal injuries, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, loss of capacity for the enjoyment of life, expense of hospitalization, expense of medical care, expense of nursing care and medical treatment, loss of earnings in the past and loss of ability to earn money in the future. These losses are permanent and continuing in nature and Plaintiff will continue to suffer these losses in the future.

**WHEREFORE**, Plaintiff hereby demands judgement for damages, costs and interest against Defendant, ALTON INDUSTRY LTD. GROUP, together with whatever other relief the Court deems just and appropriate.

## DAMAND FOR JURY TRIAL

Plaintiff does hereby demand trial by jury of all issues so triable as a matter of right.

Dated this 15th day of December 2025.

/s/ Adrian R. Bridges

_____

ADRIAN R. BRIDGES
FL Bar No.: 58877
JOHN J. MILLS
FL Bar No.: 1028016
MICHLES & BOOTH, P.A.
501 Brent Lane
Pensacola, FL 32503
850-438-4848
850-437-5556
Attorneys for Plaintiff
Primary Designated Email Address:
courtdocs@michlesbooth.com
Secondary Designated Email Address:
filing@michlesbooth.com